```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LUIS COLLADO,                           :

                    Plaintiff,          :          17 Civ. 727 (HBP)

     -against-                          :          OPINION
                                                   AND ORDER
APEX SUPPLY CO., INC., et. al.,         :

                    Defendants.         :

----------------------------------X


          PITMAN, United States Magistrate Judge:


          This matter is before me on the parties' joint

application to approve their settlement (Docket Item ("D.I.") 30,

31).  All parties have consented to my exercising plenary

jurisdiction pursuant to 28 U.S.C. § 636(c).

          Plaintiff alleges that he was formerly employed by

defendants Apex Supply Corporation ("Apex"), a hardware equipment

and supply retail business, and its shareholders -- Ian Lynch

("Lynch") and Matthew Taragano ("Taragano").  Plaintiff seeks to

recover allegedly unpaid overtime wages pursuant to the Fair

Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and

the New York Labor Law (the "NYLL").  Plaintiff also asserts a

claim based on defendants' failure to provide certain notice and

wage statements as required by the NYLL.  Plaintiff commenced

this action as a collective action with respect to the FLSA

claims, but the parties reached a settlement before conditional certification.

Plaintiff alleges that he was employed by Apex, Lynch and Taragano from approximately March 2013 until his termination on January 24, 2017, and that, during that time, he worked 2,758.5 hours of overtime without compensation. He claims that his overtime rate of pay was approximately $17.44. Exclusive of liquidated or statutory damages, plaintiff claims that he is owed approximately $44,969.00 in unpaid overtime pay. Plaintiff claims that he is entitled to a total of approximately $99,938.00 for unpaid overtime wages, liquidated damages and statutory damages for alleged violations of the NYLL.

Defendants deny plaintiff's allegations. Apex contends that plaintiff worked fewer hours at a lower hourly rate than he alleges. Further, Apex argues that it has already paid plaintiff the overtime wages to which he is entitled and that any overtime worked by plaintiff for which he was not compensated is de minimis. Apex kept detailed hourly worksheets, daily logs, and calendars that document the number of hours worked by and wages owed to plaintiff. Lynch and Taragano argue they were not plaintiff's employers.

I held a lengthy settlement conference on June 23, 2017 that was attended by the parties and their counsel. After a

2

protracted discussion of the strengths and weaknesses of the
parties' respective positions, the parties agreed to resolve the
dispute for a total settlement of $30,000 (Letter of Abdul
Hassan, Esq., to the undersigned, dated June 6, 2017 (D.I.
30)("Hassan Letter"), Ex. 1).  The agreement also provides that
plaintiff's counsel will receive $550.00 for his out-of-pocket
expenses, $9,815.00 (or approximately 33%) of the remaining
$29,450.00 will be paid to plaintiff's counsel as fees and the
remaining $19,635.00 will be paid to plaintiff.

> Court approval of an FLSA settlement is appropriate
>
> > "when [the settlement] [is] reached as a result of
> > contested litigation to resolve <u>bona fide</u> disputes."
> > <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376,
> > at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed
> > settlement reflects a reasonable compromise over con-
> > tested issues, the court should approve the settle-
> > ment."  <u>Id.</u> (citing <u>Lynn's Food Stores, Inc. v. United
> > States</u>, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

<u>Agudelo v. E & D LLC</u>, 12 Civ. 960 (HB), 2013 WL 1401887 at *1
(S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original).
"Generally, there is a strong presumption in favor of finding a
settlement fair, [because] the Court is generally not in as good
a position as the parties to determine the reasonableness of an
FLSA settlement."  <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp.
2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal
quotation marks omitted).  In <u>Wolinsky v. Scholastic Inc.</u>, 900 F.

Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,
United States District Judge, identified five factors that are
relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA]
> settlement is fair and reasonable, a court should
> consider the totality of circumstances, including but
> not limited to the following factors:  (1) the
> plaintiff's range of possible recovery; (2) the extent
> to which the settlement will enable the parties to
> avoid anticipated burdens and expenses in establishing
> their claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether the
> settlement agreement is the product of arm's length
> bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

(internal quotation marks omitted).  The settlement here
satisfies these criteria.

First, plaintiff's net settlement represents
approximately 43.6% of his allegedly unpaid overtime pay.  Apex
disputes the number of hours plaintiff worked and contends that
plaintiff's hourly rate of pay was lower than plaintiff alleges.
Moreover, Apex kept time and wage records detailing how many
hours plaintiff worked and how much compensation he was entitled
to.  As discussed in more detail below, given the risks these
issues present, plaintiff's settlement is reasonable.

Second, the settlement will entirely avoid the expense
and aggravation of litigation.  There is a dispute among the
parties with respect to plaintiff's hourly rate of pay and the

4

number of hours plaintiff actually worked.  Trial preparation
would probably require additional depositions to explore these
issues.  The settlement avoids the necessity of conducting these
depositions.

Third, the settlement will enable the plaintiff to
avoid the risk of litigation.  Apex disputes plaintiff's
entitlement to any unpaid overtime, the rate at which any
overtime should be calculated and the number of hours plaintiff
actually worked.  Apex maintained employee records that allegedly
captured the days plaintiff was absent from work, the number of
hours plaintiff worked and the weekly salary plaintiff was
entitled to.  Given the documentary evidence, it is uncertain
whether, or how much, plaintiff would recover at trial.  See
Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT) 2015 WL 588656
at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he
question [in assessing the fairness of a class action settlement]
is not whether the settlement represents the highest recovery
possible . . . but whether it represents a reasonable one in
light of the uncertainties the class faces . . . ." (internal
quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's
Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v.
MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL
5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement

assures immediate payment of substantial amounts to class
members, even if it means sacrificing speculative payment of a
hypothetically larger amount years down the road, settlement is
reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement
conference that immediately preceded plaintiff's acceptance of
the settlement, I know that the settlement is the product of
arm's-length bargaining between experienced counsel.  Both
counsel represented their clients zealously at the settlement
conference.

Fifth, there are no factors here that suggest the
existence of fraud.  The settlement was reached at the end of the
settlement conference.  This fact further negates the possibility
of fraud or collusion.

The settlement agreement also contains a release
(Hassan Letter, Ex. 1 ¶ 4).  It provides that plaintiff releases
defendants "from any actions, causes of action, suits, . . . in
law or equity, which he may have against Defendants as of the
date of execution of this Agreement, whether known or unknown,
asserted or unasserted, arising out of their wage and/or
wage/hour claims . . ." (Hassan Letter, Ex. 1 ¶ 4).  Although the
release is unlimited in duration and contains both known and
unknown claims, it is permissible because it is limited to claims

6

relating to wage and hour issues.  See e.g., Yunda v. SAFI-G,
Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. April
28, 2017) (Pitman, M.J.); Santos v. Yellowstone Props., Inc., 15
Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10,
2016) (Engelmayer, D.J.) (approving release that included both
known and unknown claims and was limited to wage and hour
claims); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL
1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.)
(approving release that included both known and unknown claims
through the date of the settlement that was limited to wage and
hour issues; rejecting other release that included both known and
unknown claims and claims through the date of the settlement that
were not similarly limited); cf. Alvarez v. Michael Anthony
George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 10353124
at *1 (E.D.N.Y. Aug. 27 2015) (rejecting release of all claims
"whether known or unknown, arising up to and as of the date of
the execution of this Agreement" because it included "the release
of claims unrelated to wage and hour issues" (internal quotation
marks omitted)).

          Finally, the settlement agreement provides that one-
third of the settlement fund, after the deduction of plaintiff's
counsel's out-of-pocket expenses, will be paid to plaintiff's
counsel.  Contingency fees of one-third in FLSA cases are

routinely approved in this Circuit.  Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13-CV-3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the

8

action is dismissed with prejudice and without costs.    The Clerk

is respectfully requested to mark this matter closed.

Dated:    New York, New York
          October 19, 2017

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel

9